Robert MASON, Plaintiff,

v.

R.N. A. PETERS, A. Stamp, C.O. at Southport Correctional Facility, R.N. J. Vanhagn, Defendants.

No. 01–CV–6248L.

United States District Court, W.D. New York.

Dec. 9, 2004.

Robert Mason, Attica, NY, pro se.

Robert Mayson, Pine City, NY, for Plaintiff.

Kelly Ann McCarthy, Office of the New York State Attorney General, Rochester, NY, for Defendants.

## DECISION AND ORDER/FINDINGS OF FACT AND CONCLUSIONS OF LAW

LARIMER, District Judge.

Plaintiff, Robert Mason ("Mason"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), commenced this civil rights action, *pro se,* pursuant to 42 U.S.C. § 1983. Plaintiff alleged that the three defendants, Nurse Agnes Peters, Nurse John Vanhagn and Corrections Officer Arthur Stamp, violated Mason's constitutional rights at the Southport Correctional Facility on February 16, 2001. Mason claims that the defendants used excessive force during an incident that occurred at the nurse's station near Mason's cell, thereby subjecting him to cruel and unusual punishment.

The parties stipulated to try the case to the Court, and I conducted that trial on November 16, 2004. The Court heard testimony from plaintiff and all three of the defendants. I also received several documents into evidence, including photographs depicting Mason's condition after the incident, a videotape taken at the institution shortly after the incident, as well as portions of Mason's medical record. This decision constitutes my findings of fact and conclusions of law pursuant to FED. R. CIV. P. 52.

### FINDINGS OF FACT

Based on the testimony, I make the following findings of fact. Plaintiff has been in the custody of DOCS for almost twenty years. On the date in question, February 16, 2001, he was assigned to the Southport Correctional Facility, a disciplinary facility in which all inmates are confined to their cells for virtually the entire day.

On the day in question, Mason was escorted to the nurse's station by defendant Stamp in order to receive injections, which he received three times a week. Mason was escorted, as is the routine practice, with his hands secured behind his back. Stamp deposited Mason at the nurse's station with defendants Peters and Vanhagn. All of the defendants knew Mason and had contact with him previously.

Mason had previously complained to Nurse Peters, and others, that he had lost his pair of prescription eyeglasses. On the day in question, he was wearing glasses, although Mason admitted, at trial, that these were not prescription glasses, but merely decorative ones. During Mason's stay in the nurse's station, Nurse Peters asked Mason about his glasses and removed them from his face so that she could examine them.

Peters testified that when she examined the glasses, she discovered that they were not prescription glasses, and that she decided to keep them since DOCS's regulations for those confined to the Special Housing Unit ("SHU") precluded inmates from having more than one pair of glasses.

The incident started when Peters told Mason that she did not intend to return his glasses to him. I credit the testimony of both Peters and Vanhagn that when plaintiff heard this news, he became very upset and agitated. Mason became loud and argumentative and got up from his chair, as if to head for the door. Mason said that he was going to contact a supervisor and that he would "go to Level I"

over the removal of his glasses. Both nurses testified that they interpreted this statement to mean that plaintiff was willing to commit some infraction of the rules that would subject him to a severe punishment because of Peters's removal of the glasses.

I credit Peters's testimony that as Mason stood up and moved, he simultaneously lowered his hands down past his buttocks in a maneuver that she believed was designed to "slip his cuffs" and get them in front of his body. Defendant Vanhagn also interpreted Mason's action in the same fashion. In fact, Vanhagn shouted out that Mason was attempting to "slip his cuffs" to defendant Stamp who was standing guard outside the nurse's station. Officer Stamp testified that if an inmate were successful in having his hands in front of his body, that posed a danger. The inmate could grab something or someone or use the cuffs as a weapon. Peters testified that Mason was very agitated and she viewed his maneuver as a threat. She feared that he intended to assault her.

When Officer Stamp heard the commotion and observed Mason moving from his chair in the nurse's station, he opened the door to enter. As he did so, Vanhagn had a hold of Mason and both Stamp and Vanhagn held Mason and lowered him to the floor where he was secured. Soon, other officers arrived and placed additional restraints on Mason who was then removed to a shower area where he was photographed and examined for injuries.

Mason claims that Vanhagn "manhandled him" and that when he was on the ground Stamp beat him in the face. Although Vanhagn was present, as plaintiff lay on the floor, Mason was unsure if Vanhagn, or another person, struck him while on the ground. Mason made no complaint that Nurse Peters assaulted him in any manner, but contends that she

should have intervened to prevent others from doing so.

Peters, Vanhagn and Stamp denied that they struck or assaulted Mason and denied seeing the other defendants taking any action against Mason, except to lower him to the ground and secure him. Nurse Peters testified that she observed Mason struggling and resisting as he was being held by other officers.

## CONCLUSIONS OF LAW

Based on the evidence, I conclude that plaintiff has failed to establish by a preponderance of the evidence that his Eighth Amendment rights were violated. The Eighth Amendment of the United States Constitution guarantees that every person has the right not to be subjected to cruel and unusual punishment. In the context of a penal institution, that means that inmates must not be subjected to the wanton and unnecessary infliction of pain.

■ To prove a violation under the Eighth Amendment, Mason must prove, by a preponderance of the evidence, that the defendant acted maliciously and sadistically to cause him harm and that he suffered some harm as a result of that action. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992); *Sims v. Artuz*, 230 F.3d 14 (2d Cir.2000).

■ I find that some force was used against Mason on February 16, 2001. I credit the testimony of the defendants that Mason became very upset and agitated when his glasses were removed. Even plaintiff conceded at trial that he was angry and upset about losing his glasses and that he expressed a desire to immediately contact a supervisor. I credit the testimony that Mason attempted to get up and attempted to maneuver his shackled hands in such a way as to present a potential threat. I also find that Mason and the

nurses, Peters and Vanhagn, were confined in a relatively small space. Mason's actions were of such a nature to cause one of the defendants, Vanhagn, to cry out and summon aid from Officer Stamp.

I must give prison officials deference in executing policies and practices to preserve order and discipline and to maintain the security of the institution. I find that Nurse Vanhagn and Officer Stamp exerted some force against Mason, not for the purpose of sadistically and maliciously harming him, but for the purpose of restraining him and maintaining order. *Hudson,* 503 U.S. at 7, 112 S.Ct. 995.

Obviously, Mason believes that the amount of force used was unnecessary and unwarranted in the circumstances. Perhaps, in retrospect, less force could have been used, but even if that were so, such a finding does not constitute a violation of the Eighth Amendment. In order to conclude that cruel and unusual punishment was inflicted, I must find that the use of force was so wanton and so malicious as to demonstrate an intent on the part of the defendants to cause plaintiff harm. I believe plaintiff has failed to carry his burden in this regard. I believe that the defendants, Vanhagn and Stamp, did use force but did so in a good-faith effort to maintain discipline and insure the safety of Nurse Peters and Vanhagn. *Id.* Plaintiff has failed to prove that these defendants, either separately or jointly, applied force maliciously and sadistically for the purpose of causing him harm.

Mason has done little more than show that some force was used. He believes that he was "manhandled" by Vanhagn and Stamp and that the actions taken by them were unnecessary and excessive. I credit the defendants' testimony that, although force was used, it was not excessive. I find that reasonable force and restraints were used to control plaintiff, who was obviously agitated and upset over the removal of his glasses. Even at trial, Mason was quite upset that Nurse Peters had the effrontery to take his personal property, and he was quite vocal about what he perceived as a violation of his rights when he testified about it in court. I find that plaintiff's anger caused him to act in an aggressive manner justifying a reasonable response from the defendants.

Although Mason did suffer some swelling in his face and bruising about his body, I find that those injuries are consistent with being taken to the concrete floor of the institution. Mason received virtually no treatment for those injuries and there are no references in his medical reports of complaints concerning the injuries allegedly received as a result of this incident.

In sum, I find that plaintiff has failed to prove by a preponderance of the evidence that any of the defendants applied force maliciously and sadistically for the purpose of causing him harm. Rather, I find that the force used was done in response to aggressive acts of Mason which were perceived at the time to be threatening. The defendants' response and use of force was not for the purpose of causing harm to Mason but to restrain him in what the defendants believed to be a reasonable manner. *Id.* ("In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate ... the threat 'reasonably perceived by the responsible officials,' ...") (quoting *Whitley v. Albers,* 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)).

I also find that Nurse Peters did not use force against Mason in any manner and there is no basis to find that she had an opportunity to intervene even if the other defendants had acted impermissibly. *Anderson v. Branen,* 17 F.3d 552, 557 (2d Cir.1994).

## CONCLUSION

Plaintiff has failed to prove by a preponderance of the evidence that the defendants violated his Eighth Amendment constitutional rights to be free from cruel and unusual punishment. Therefore, a Judgment of NO CAUSE OF ACTION is hereby entered in favor of all three defendants and plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED.